967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Romulo Antonio GOMEZ, Defendant-Appellant.
 No. 91-50638.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Romulo Antonio Gomez appeals his sentence imposed following his plea of guilty to conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that the district court erred by refusing to adjust his sentence downward for minor participation in the offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's finding regarding the defendant's role in the offense. United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir.1991). The Sentencing Guidelines instruct the district court to decrease the offense level by two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). "A minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n. 3). To receive the adjustment, the defendant must be "substantially less culpable than the average participant." Id., comment. (backg'd); see United States v. Molina, 934 F.2d 1440, 1452 (9th Cir.1991) ("district court is not compelled to find that a defendant who is the least culpable in a particular transaction is therefore a minor participant"). The district court may consider such factors as whether the defendant was more than a one-time "mule" or "courier" of drugs, and whether he possessed a substantial amount of drugs. Flores-Payon, 942 F.2d at 561 (no clear error in denying adjustment where defendant participated in drug transaction); United States v. Sanchez-Lopez, 879 F.2d 541, 557 (9th Cir.1989) (same where defendant was driver of car containing "significant quantity" of heroin); cf. U.S.S.G. § 3B1.2, comment. (n. 2) (downward adjustment for minimal participation appropriate "for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs").
 
 
 4
 Here, the presentence report stated that Gomez and his codefendants three times picked up a car used to smuggle marijuana over the Mexican border. After the third trip, agents arrested Gomez and three codefendants and seized 229.32 kilograms of marijuana from the trunk of the car. Gomez told the probation officer that codefendant Hector Palomino-Alcaraz introduced him to codefendant Francisco Orozco-Escobedo, who hired Gomez and Palomino as drivers for $250 each. Gomez said he knew "something" was to be unloaded from the vehicle, but did not see the marijuana until the second trip. He said he watched three codefendants unload the marijuana, but did not help them.
 
 
 5
 Gomez argued that he was merely "along for the ride" because he happened to be with Palomino when they met Orozco, and that his codefendants were more culpable because they were older and were in the business of importing marijuana. The district court found that Gomez was more than a one-time courier and was not merely "along for the ride" with Palomino because he knowingly participated in the third marijuana delivery. The district court also relied on the size of the operation in denying the downward adjustment.
 
 
 6
 The record indicates that Gomez was least culpable participant in the conspiracy because he participated in only one series of deliveries, received only $250, and did not handle the marijuana; nonetheless, this fact is not dispositive. See Molina, 934 F.2d at 1452. Because Gomez participated in several deliveries of a large quantity of marijuana, the district court did not clearly err by finding that he was not a minor participant. See Flores-Payon, 942 F.2d at 560; Sanchez-Lopez, 879 F.2d at 557.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3